Charles M. BLOODGOOD et ux., Appellants,

v.

B. & L. SALES COMPANY, Appellee.

No. 155.

Court of Civil Appeals of Texas.

Houston (14th Dist.).

Dec. 4, 1968.

Rehearing Denied Jan. 8, 1969.

———◆———

James B. Turner, Houston, for appellants.

Harry H. Brochstein, Houston, for appellee.

BARRON, Justice.

This action was filed by B. & L. Sales Company, a partnership composed of Henicy D. Marques, Jr. and Ike Breier, for title and possession of a 1950 two-ton Mack tractor-diesel engine truck. Suit was filed on November 22, 1963. B. & L. Sales Company in connection with the suit obtained a writ of sequestration and seized the truck-tractor pending final trial. The vehicles were ordered sold as perishable property on May 30, 1967. On March 20, 1964, defendants' amended answer and cross-action were filed by Charles M. Bloodgood and wife, Kathryn Bloodgood, in which complaint was made in the cross-action that B. & L. Sales Company, Henicy D. Marques, Jr. and Ike Breier had wrongfully sequestered the property and had wrongfully and maliciously filed a criminal complaint against Bloodgood for theft by bailee. It was alleged by cross-plaintiffs that the truck-tractor belonged to Bloodgood and his wife. Damages were sought by Bloodgood and wife for wrongful conversion by reason of the allegedly improper sequestration and for malicious prosecution.

The jury in response to special issues found, (1) that Bloodgood had entered into an agreement with B. & L. Sales Company whereby he agreed to purchase the truck and trailer from B. & L. Sales Company, and (2) that Bloodgood performed the foregoing agreement. Findings were further made that the criminal prosecution or complaint was made *with* probable cause as that term was defined by the trial court, and $7,500.00 was assessed as damages solely by reason of Bloodgood's arrest and confinement on the criminal charge. Based upon the jury's answer to the special issues above, the trial court rendered judgment in favor of B. & L. Sales Company, Marques and Breier and denied recovery by Bloodgood and wife on the cross-action. From the judgment below Bloodgood and wife have appealed as appellants. B. & L. Sales Company, a partnership composed of Marques and Breier, are appellees.

On this appeal the Bloodgoods contend that the trial court erred in refusing to submit to the jury their requested special issues pertaining to wrongful sequestration and conversion of the vehicles and the damages resulting therefrom, and that the trial court erred in entering judgment for appellees upon the jury's answers to special issues. The latter point of error is vague, general and indefinite, but we have consid-

ered the same in view of the statements and arguments made in the briefs.

The statement of facts is somewhat lengthy, and the testimony is contradictory and indefinite. The testimony fairly shows, however, that on June 3, 1963, Bloodgood did enter into the agreement with Marques to purchase the truck and trailer upon his agreement to pay $3,200.00 for the property. Payment was to be made by Bloodgood, a trucker, for hauling merchandise for B. & L. Sales Company at $30 per mile with an advancement of $100.-00 for each trip, and all fuel, permits, repairs and other expenses were to be deducted from the balance to be credited to the account until such time as B. & L. Sales Company had received payment for the truck and trailer. The record shows that Bloodgood hauled and delivered freight, merchandise and products for appellees and made several round trips to Columbus, Ohio, Fort Worth and Victoria, Texas, Boston, Massachusetts and other trips locally from day to day. The record further shows that Marques, a partner in the appellee firm, delivered title papers to the 1950 Mack truck and trailer to Bloodgood, and Marques executed a power of attorney to Bloodgood, which apparently authorized Bloodgood to transfer the ownership of the vehicle. Supporting testimony was given by Mrs. Bloodgood and Charles W. Burch. This testimony was denied by Marques, who testified that Bloodgood had agreed to work for B. & L. Sales Company for $100.00 per week; that the delivery of the papers on the vehicles was for the convenience of Bloodgood in obtaining permits, identification, etc., on the various trips, and that there was never any intention to sell or transfer title to Bloodgood.

On the issue of damages for wrongful sequestration, Marques, who was claiming the property, put a value of $2,200.00 on the truck and $600.00 on the trailer. He did, however, later attempt to disclaim knowledge of value by stating that he was not an authority on "automotive stuff." Appellant, Bloodgood, testified that one valuation was placed on the truck and trailer, the sum of $3,200.00. Both parties should have been fairly acquainted with values of such automotive equipment and the testimony is sufficiently in the record. Neither party was specifically tested as to his knowledge of the market value of the property. The testimony is not clear concerning the exact date the property was seized, but the truck and trailer were taken on or about October 7, 1963, and the writ of sequestration was issued on or about November 22, 1963. The record shows various acts of misconduct on the part of Bloodgood in the past, the testimony being received by the trial court on cross-plaintiffs' count of malicious prosecution. Marques, however, testified that he filed the criminal complaint not to cause the arrest and conviction of appellant, but to obtain possession of the truck. The evidence shows that the criminal complaint was later dismissed without conviction.

■ The evidence is sufficient to warrant the submission to the jury of all special issues above, especially special issues one and two.

Prior to the reading of the trial court's charge to the jury, appellants timely requested that the following special issue and instruction on damages be submitted in connection with wrongful sequestration:

"What sum of money, if, any, if paid now in cash would fairly and reasonably compensate Charles M. Bloodgood for his damages, if any, sustained by him as a direct and proximate result of the taking and sequestering of the truck and trailer in question?

"ANSWER BY STATING THE AMOUNT IN DOLLARS AND CENTS, OR NONE.

"In connection with the foregoing special issue, you are instructed that you can take into consideration the following

element and none other: the reasonable market value of the said truck and trailer."

Appellants further requested a special issue and instruction on punitive or exemplary damages.

The trial court overruled appellants' written request for submission of the issues and instructions, and we believe the trial court fell into error by his refusal to submit to the jury the quoted special issue and instruction above. No objection was made to the issue or its form, and while the specific date of the alleged conversion was not included in the form of issue, we believe that under the circumstances the requested special issue and instruction were in substantially correct form in the absence of proper objections. The market value of the property seized and unreturned is the minimum of proper recovery in a case of this type. Interest and all damages proximately caused by the wrongful seizure might have been properly requested in addition to market value. See 6 Texas Practice, "Remedies," Lowe and Archer, Sec. 669, pp. 635–639.

Appellants were thus left without a damage issue or issues in connection with their count for wrongful sequestration, and we therefore reverse and remand the case on the count of wrongful sequestration and seizure of the truck and trailer. Rules 273, 274, 276 and 279, Texas Rules of Civil Procedure. The trial court correctly overruled appellees' motion for instructed verdict, but we find the evidence sufficient to support the trial court's judgment in favor of appellees in connection with the case of malicious prosecution. 37 Tex.Jur.2d, pp. 535–538.

Affirmed in part, and reversed and remanded in part.